UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| HERB REED ENTERPRISES, INC., a Delaware company; and HERB REED ENTERPRISES, LLC, a Massachusetts company,<br><br>Plaintiffs,<br><br>vs.<br><br>MONROE POWELL'S PLATTERS, LLC, a nevada Company; MONROE POWELL, an individual; and DAN GLOUDE, an individual,<br><br>Defendants. | 2:11-cv-02010-PMP-RJJ<br><br>**O R D E R** |

This matter came before the Court on Plaintiffs' Motion to Compel answers to Interrogatories and Production of Documents (#62). The Court has considered the Plaintiffs' Motion (#62), the Defendant Monroe Powell's Opposition (#67), and the Plaintiffs' Reply (#70).

**BACKGROUND**

On May 11, 2012, the Plaintiffs served Interrogatories, Requests of Production, and Requests for Admission to Defendant Monroe Powell. By June 21, 2012, Powell had not responded. The Plaintiffs emailed Powell's counsel on June 21, 2012 and June 27, 2012, requesting responses to discovery. In the June 27, 2012 email, the Plaintiffs also proposed a stipulation to extend discovery dates. The Defendants responded on June 28, 2012, requesting the discovery deadline be postponed until July 5, 2012. On July 29, 2012, the parties had a telephone conference at which time the Plaintiffs did not agree to the July 5, 2012 extension.

. . . .

On July 6, 2012, Powell served answers to interrogatories and responses to the request for admission. Powell did not provide responses to the request for production until July 18, 2012. Five days later, Powell's counsel filed a Motion to Withdraw (#48). Powell has since secured new counsel.

**DISCUSSION**

Pursuant to Federal Rule of Civil Procedure 37(a), Defendant seeks an order compelling responses to Interrogatories Nos. 7, 8, and 9, and Requests for Production of Documents Nos. 4, 5, 6, 17, 18, 19, 20, 21, and 22.

When a party fails to respond to written discovery "the discovering party may move for an order compelling an answer . . . in accordance with the request." Fed.R.Civ.P.(a)(2)(B). Here, the Plaintiffs are seeking more complete responses to their requests. They assert that Powell's responses were late and not adequate. In response, Powell contends that his prior counsel's intent to withdraw and actual withdrawal delayed the production of documents. He further asserts that he provided complete responses and does not have the additional information requested.

**A.   Interrogatories**

Interrogatories 7, 8, and 9, request Powell to "describe in detail" certain aspects of his music performances. Plaintiffs' Motion to Compel (#62) at 4, lines 3-16. In response, Powell provided non-descriptive one-sentence answers. *Id.* Powell argues that his one-sentence answers are adequate because "describe in detail" does not mean provide information about location, dates, persons or music style. Powell's Response in Opposition (#67) at 4 lines 20-23. However, the definitions section in Plaintiffs' Interrogatories provides as follows:

> "Describe in Detail" means to describe fully what the discussion, including, but not limited to, stating specifically and completely any and all facts, events, dates, places, and times, and identify all persons documents, and electronically stored information related to the subject matter of the inquiry."

See Plaintiffs' Motion to Compel (#62) at 4, lines 19-21.

Therefore, the request to "describe in detail" are seeks information about times, places, people, and relevant facts. Accordingly, Powell should have provided this information. His responses to Interrogatories Nos. 7, 8, and 9, are not adequate.

- 2 -

In anticipation of the Court finding his responses inadequate, Powell argues that he has no additional information to provide. Powell's Opposition (#67) at 4-6. This is a disingenuous argument. Based on the information provided in Powell's Opposition (#67) alone, it is clear Powell had more information than he provided. See *Id*.

For example, Interrogatory No. 7, requests "[p]lease describe in detail the services associated with the vocal group . . ." Powell answered: "Live vocal performances." He asserts this is a complete answer because he "is in his 80s and performs only." Powell's Opposition (#67) at 4 lines 11-13. However, later in the same Opposition, he explains that his agents, buyers, and promoters, find him "gigs", tell him how much he will make, and when and where he will perform. Powell's Opposition (#67) at 5 lines 11-14. Therefore, Powell clearly has more information about the services associated with his vocal group (i.e. when, where and with whom he performs) and can provide a more adequate answer.

Interrogatory Nos. 8 requests:

"[p]lease describe in detail the trade channels (for example, live musical performances venues, booking agents, internet sales, etc. ... ) used to distribute the services associated with "The Platters Featuring Monroe Powell," or "The Platters Featuring the Legendary Monroe Powell."

Powell answered: "Agents, buyers, and promoters." He asserts that he cannot provide any more detail because he has already provided the same level of detail as the "examples" in the question. Powell's Opposition (#67) at 5 lines 3-4. He is wrong. The examples in the question are examples of channels, not examples of a detailed descriptions of channels. Powell knows the names of his agents, buyers, and promoters as well as the venues where he performs. Accordingly, Powell should provide this information.

Similarly, Powell can provide a more complete answer to Interrogatory No. 9. Although he argues that this Interrogatory should have been worded differently, he admits to understanding what information that it is requesting. Powell's Opposition (#67) at 5 lines 26-27. Further, he admits to having more information that may be responsive to this Interrogatory. *Id*. Accordingly, he should provide that information to the Plaintiffs.

. . . .

- 3 -

**B.      Requests for Production**

Federal Rule of Civil Procedure 34 permits parties to request production of documents in the "possession, custody, or control" of the responding party. "[A] party need not have actual possession of documents to be deemed in control of them." *Estate of Young Through Young v. Holmes*, 134 F.R.D. 291, 294 (D. Nev. 1991)*,* quoting *In re Folding Carton Antitrust Litigation,* 76 F.R.D. 420, 423 (N.D.Ill.1977), citing 4A Moore's Federal Practice ¶ 34.17, at 34–98. A party is deemed to have control of documents if the party has the legal right to obtain the documents requested upon demand. *Estate of Young*, 134 F.R.D. at 294, citing *Searock v. Stripling,* 736 F.2d 650, 653 (11th Cir.1984).

> The relationship between the party and the person or entity having actual possession of the document is central in each case. The party must be able to command release of the documents by the person or entity in actual possession. This position of control is usually the result of statute, affiliation or employment.

*Estate of Young*, 134 F.R.D. at 294.

Here, Powell asserts he has no obligation to produce any documents other than those he personally possesses. Powell Opposition (#67) at 6-9. However, he admits that many of the documents sought are in the possession of those who manage his affairs, including co-defendant Don Glaude. *Id*. Specifically, he admits that Don Glaude, his promoters, his former promoters and his former managers are all in possession of documents that are responsive to Request Nos. 4, 5, 6, 17, 19, 20, 21, and 22. *Id*. Since these persons possess the documents for the benefit of Powell, Powell has the authority to command release of the documents. Accordingly, Powell must produce any additional documents in possession of those who manage his affairs, which are responsive to Request Nos. 4, 5, 6, 17, 19, 20, 21, and 22.

However, Request No. 18 requires no further response. Request No. 18 seeks all written communications between the Defendants and a similar band in Branson, Missouri. Powell has indicated that he does not have this information, nor does it exist. Powell Opposition (#67) at 8 lines 22-23. The Court cannot compel Powell to Produce documents which do not exist. Accordingly, no further response to Request No. 18 is required.

///

- 4 -

# ORDER

Based on the foregoing, and good cause appearing therefore,

IT IS HEREBY ORDERED that Plaintiffs' Motion to Compel answers to Interrogatories and Production of Documents (#62) is **GRANTED in part and DENIED in part**.

IT IS FURTHER ORDERED that Plaintiffs' Motion to Compel responses to Interrogatories Nos. 7, 8, and 9 is **GRANTED**. Production shall be made on or before November 2, 2012.

IT IS FURTHER ORDERED that Plaintiffs' Motion to Compel responses to Request for Production Nos. 4, 5, 6, 17, 19, 20, 21, and 22 is **GRANTED**. Production shall be made on or before November 2, 2012.

IT IS FURTHER ORDERED that Plaintiffs' Motion to Compel responses to Request for Production No. 18 is **DENIED**.

DATED this  17th  day of October, 2012.

_____
ROBERT J. JOHNSTON
United States Magistrate Judge