UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| HERB REED ENTERPRISES, INC., a Delaware company; and HERB REED ENTERPRISES, LLC, a Massachusetts company, <br><br> Plaintiffs, <br><br> vs. <br><br> MONROE POWELL'S PLATTERS, LLC, a Nevada Company; MONROE POWELL, an individual; and DAN GLOUDE, an individual, <br><br> Defendants. | 2:11-cv-02010-PMP-RJJ <br><br> **O R D E R** |

This matter came before the Court on Defendants' Motion For Withdrawal of Admissions (#45). The Court has considered the Defendants' Motion (#45) and the Plaintiffs' Opposition (#51). The Defendants' did not file a reply.

**BACKGROUND**

The Plaintiffs served Requests for Admissions on Monroe Powell on May 11, 2012, along with other discovery requests. By June 21, 2012, the Defendants had not responded to the Requests for Admissions, prompting the Plaintiffs to email the Defendants asking when to expect responses. The Defendants did not respond to that email. The parties then had a telephone conference on June 29, 2012.

The Defendants did not serve Powell's responses to the Requests for Admissions until July 6, 2012. The Plaintiffs informed the Defendants that because Powell's responses were late, the admissions were deemed admitted. On July 9, 2012, Powell filed this motion to withdraw

1  Admissions Nos. 29, 30, 31, and 32.  The Defendants admit all of the other requests for admission.
2  *See*, Email attached as Exhibit 2 attached to the Motion (#45-2).

3  Admissions Nos. 29 and 30 state that the Defendants never had rights to the mark THE
4  PLATTERS.  Admissions 31 and 32 state that the Plaintiffs' rights to the mark THE PLATTERS
5  are superior to those of the Defendants.  The Defendants wish to amend these admissions and
6  respond that they are unable to admit or deny the requests.

## DISCUSSION

8  Federal Rule of Civil Procedure 36(a) provides that "[a]ny party may serve on any other party
9  a written request to admit, for purposes of the pending action only, the truth of any matters within
10 the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about
11 either; and (B) the genuineness of any described documents." *See* FED. R. CIV. P. 36(a).  A Rule 36
12 request is deemed admitted if the party to whom the request is directed fails to respond within 30
13 days of being served with the request.  FED. R. CIV. P. 36(a)(3).  Once admitted, the matter is
14 "conclusively established unless the court, on motion, permits the admission to be withdrawn or
15 amended." FED. R. CIV. P. 36(b).  In determining whether to permit an admission to be withdraw
16 or amended, a court must consider (1) whether withdrawal or amendment will promote the
17 presentation of the merits and (2) whether the party which obtained the admissions will be prejudiced
18 in maintaining or defending the action. FED. R. CIV. P. 36(b); *see also Conlon v. United States*, 474
19 F.3d 616, 621-22 (9th Cir. 2007).

20 Withdrawal of admissions pursuant to Rule 36 is permissive.  *See Conlon v. United States*,
21 474 F.3d 616, 621-22 (9th Cir. 2007).  Although the two factors set forth in Rule 36 are central to
22 the analysis, a court is not required to grant relief even when both factors are met.  *See Conlon*, 474
23 F.3d at 624.  A court may consider other factors such as whether the moving party can show good
24 cause for any delay and whether the moving party appears to have a strong case on the merits.
25 *Conlon*, 474 F.3d at 625.

### A. Presentation Of The Merits

27 The first factor, whether withdrawal or amendment will promote the presentation of the
28 merits, "'is satisfied when upholding the admissions would practically eliminate any presentation

of the merits of the case.'" *Conlon*, 474 F.3d at 622 (*quoting Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995)).

Here, the admissions go to the core issues in this matter and bear directly upon the Defendants' alleged inferior rights to the mark, THE PLATTERS. Admissions Nos. 29 and 30 state that the Defendants never had rights to the mark, THE PLATTERS, Admissions 31 and 32 state that the Plaintiffs' rights to the mark, THE PLATTERS are superior to those of the Defendants. These admissions effectively preclude the Defendants from mounting a defense.

However, the Defendants have already effectively asserted that they have no defense. The Defendants are seeking to amend their answers to "unable to admit or deny." This is a concession that they do not know if they had the right to use the mark, THE PLATTERS. Further, the Defendants assert that they cannot know the answers to the admissions due to Herb Reed's death. In sum, the Defendants are seeking to make a pointless amendment from admitting that they have no case to admitting that they do not know whether they have a case. This change would not preserve a presentation on the merits of the case. Accordingly, the Court finds that the Defendants have not satisfied the first factor in the Rule 36(b) analysis.

**B. Prejudice To Plaintiffs**

The second factor in the Rule 36(b) analysis is also not satisfied. The Plaintiffs have demonstrated that they will be prejudiced if the admissions are withdrawn and amended. *See Conlon*, 474 F.3d at 622 ("The party relying on the deemed admission has the burden of proving prejudice."). "The prejudice contemplated by rule 36(b) is 'not simply that the party who obtained the admission will now have to convince the factfinder of its truth.'" *Hadley*, 45 F3d at 1348 (quoting *Brook Village North Associates v. Gen. Elec. Co.*, 686 F.2d 66, 70 (1st Cir. 1982)). "'Rather, it relates to the difficulty a party may face in proving its case, *e.g.*, caused by the unavailability of key witnesses, because of the sudden need to obtain evidence' with respect to the questions previously deemed admitted." *Id*.

Here, allowing the Defendants to withdraw their admissions would prejudice the Plaintiffs because it would purposelessly delay the case. As discusses above, the proposed amendments are pointless. Allowing the amendments would prolong discovery causing undue expense and delay.

Accordingly, the second prong of the Rule 36(b) analysis is not satisfied.

### C. Other Factors

"Rule 36(b) is permissive, not mandatory, with respect to withdrawal of admissions." *Conlon*, 474 F.3d at 621. Thus, a court is not required to grant or deny relief based on the two factors set forth in Rule 36(b). *Conlon*, 474 F.3d at 624-25. The Court may consider other factors such as whether the moving party can show good cause for any delay and whether the moving party appears to have a strong case on the merits. *Id.* Even so, "'a court should not go beyond the necessities of the situation to foreclose the merits of controversies as punishment.'" *Hadley*, 45 F.3d at 1350. Here, as mentioned above, the Defendants' proposed amendments are meaningless. Thus, the Plaintiffs have yet to receive reasonable amendments which they may rely upon. Further, the Defendants failed to respond to the requests in a timely manner and failed to demonstrate good cause for their delay. Further, the Defendants did not file a timely reply to the motion. Finally, the Defendants appear unlikely to prevail in this litigation. These circumstances, in addition to the Defendants' failure to meet the Rule 36(b) factors, warrant denial of the Defendants' Motion for Withdrawal of Admissions (#45).

**ORDER**

Based on the foregoing, and good cause appearing therefore,

IT IS HEREBY ORDERED that Defendants' Motion For Withdrawal of Admissions (#45) is **DENIED**.

DATED this 24th day of October, 2012.

_____
ROBERT J. JOHNSTON
United States Magistrate Judge