**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

HERB REED ENTERPRISES, INC., et al., )
)
          Plaintiffs, )    Case No. 2:11-cv-02010-PMP-NJK
)
vs. )    ORDER DENYING MOTION TO
)    COMPEL (Docket No. 86)
MONROE POWELL'S PLATTERS, LLC, et al., )
)
          Defendants. )
)

       Pending before the Court is Plaintiff Herb Reed Enterprises' ("Plaintiff") Motion to Compel, filed on February 25, 2013. Docket No. 37. The Court finds the motion to have two threshold defects that require that it be **DENIED** without prejudice as discussed more fully below.

**I.    MEET AND CONFER REQUIREMENTS**

       The Court's initial inquiry regarding a motion to compel is whether the movant made adequate meet and confer efforts. Federal Rule of Civil Procedure 37(a)(2)(B) requires that a "party bringing a motion to compel discovery must include with the motion a certification that the movant has in good faith conferred or attempted to confer with the nonresponsive party." Similarly, Local Rule 26-7(b) provides that "[d]iscovery motions will not be considered unless a statement of the movant is attached thereto certifying that, after personal consultation and sincere effort to do so, the parties have not been able to resolve the matter without Court action."

       Judges in this District have previously held that "personal consultation" means the movant must "personally engage in two-way communication with the nonresponding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention." *ShuffleMaster, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996). The consultation obligation "promote[s] a frank exchange between counsel to resolve issues by

agreement or to at least narrow and focus matters in controversy before judicial resolution is sought." *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D.Nev.1993). To meet this obligation, parties must "treat the informal negotiation process as a substitute for, and not simply a formal prerequisite to, judicial review of discovery disputes." *Id*. This is done when the parties "present to each other the merits of their respective positions with the same candor, specificity, and support during the informal negotiations as during the briefing of discovery motions." *Id*. To ensure that parties comply with these requirements, movants must file certifications that "accurately and *specifically* convey to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute." *ShuffleMaster*, 170 F.R.D. at 170 (emphasis added).

The Court was unable to locate any certification filed with the pending motion to compel. Plaintiff did submit a history of the discovery at issue and the responses provided. *See* Declaration of Eric Sommers at ¶¶ 3-11, Exhs. 1-5.[1] But there is no discussion of any personal consultation during which the parties discussed the pending motion and attempted to resolve the issues raised therein, as contemplated in *ShuffleMaster*.

**II.     TIMELINESS**

The motion to compel also provides no discussion of why the Court should consider it at this late stage of the litigation. Judge Johnston issued a scheduling order on October 9, 2012 requiring discovery to be completed by January 9, 2013 and stated that no further extensions would be granted. Docket No. 71. That scheduling order also set a dispositive motion cut-off date for February 11, 2013. *Id.*

In this District, motions to compel are generally considered untimely if filed after the dispositive motion cut-off. *See, e.g.*, *Gault v. Nabisco Biscuit Co.*, 184 F.R.D. 620, 622 (D. Nev. 1999) ("Absent unusual circumstances, [a motion to compel] should be filed before the scheduled date for dispositive motions."). The pending motion to compel was filed after the dispositive motion cut-off date, but provides no explanation why it should not be denied as untimely.

---

[1] The exchange of letters or emails regarding the discovery is also insufficient. *See, e.g., ShuffleMaster*, 170 F.R.D. at 172.

## III.   CONCLUSION

Plaintiff's pending motion to compel suffers from two threshold defects: (1) it does not contain a proper meet and confer certification and (2) it provides no discussion why it should be considered despite being filed after the dispositive motion cut-off.  Accordingly, the Motion to Compel is hereby **DENIED** without prejudice.

IT IS SO ORDERED.

DATED:  February 26, 2013

_____
NANCY J. KOPPE
United States Magistrate Judge