UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| HERB REED ENTERPRISES, INC., et al.,<br><br>                Plaintiffs,<br><br>vs.<br><br>MONROE POWELL'S PLATTERS, LLC, et al.,<br><br>                Defendants. | Case No. 2:11-cv-02010-PMP-NJK<br><br>ORDER GRANTING IN PART MOTION FOR EXPENSES AND FOR OTHER RELIEF<br><br>(Docket No. 110) |

      Pending before the Court is Plaintiffs' Motion for expenses and other relief. Docket No. 110. The motion relates primarily to relief arising out the Court granting Plaintiffs' motion to compel as it pertains to Defendant Don Gloude (hereinafter, "Defendant" or "Mr. Gloude"). *See* Docket No. 109. Defendant filed a response in opposition and Plaintiffs filed a reply. Docket No. 115, 116.[1] The Court finds the motion properly resolved without oral argument. *See* Local Rule 78-2. For the reasons discussed below, the motion is **GRANTED** in part.

//

//

---

[1] Among other relief, the motion seeks expenses under Federal Rule of Civil Procedure 37(a)(5), which allows for the imposition of sanctions against parties and/or counsel. The Court provided notice to Defendant and his counsel of this possibility so that they could have an opportunity to respond. *See* Docket No. 118. Defendant and his counsel filed a Supplemental Brief in response. Docket No. 121. The Court has also considered the Second Supplemental Brief filed by Defendant and his counsel. Docket No. 126.

## I. ENTITLEMENT TO RECOVER EXPENSES

The primary focus of the pending motion is for Plaintiffs to recover their attorneys' fees and costs in bringing the motion to compel. The Court granted the motion to compel as it related to Mr. Gloude on May 6, 2013. *See* Docket No. 109. Rule 37(a)(5)(A)[2] states that if a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion [to compel], including attorney's fees." An award of expenses is not appropriate if: "(1) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action, (2) the opposing party's non-disclosure, response, or objection was substantially justified, or (3) other circumstances make an award of fees unjust." Rule 37(a)(5)(A)(I-iii). The Court addresses each in turn below.

### A. Good Faith Attempt to Obtain Discovery

Mr. Gloude does not provide meaningful argument that Plaintiffs filed the motion to compel before attempting in good faith to obtain the discovery. The Court finds that Plaintiffs had sufficiently attempted in good faith to obtain the discovery without court action. *See, e.g.*, Docket 89-1 at ¶¶ 13-39.

### B. Defendant Failed to Demonstrate Substantial Justification

"The burden is on the losing party to affirmatively demonstrate that its discovery conduct was substantially justified." *American Gen. Life Ins. Co. v. Futrell*, 2012 WL 4962997, *1 (D. Nev. Oct. 16, 2012). Substantial justification exists when the losing party has shown that there is a genuine dispute or if reasonable people could differ as to the appropriateness of the contested action. *Id.* Defendant has failed to make such a showing. To the contrary, Defendant candidly admits that the discovery responses were untimely. *See, e.g.*, Response at 3 ("Defendants concede that their discovery responses were late."). Instead, Defendant argues primarily that he produced the requested discovery *after* the motion to compel was filed. *See, e.g.*, Response at 2 (noting the production of two additional supplements, and a third forth-coming supplement); *see also id.* at 2 n.1

---

[2] Unless otherwise noted, references to "Rules" refer to the Federal Rules of Civil Procedure.

("Don Gloude recently found three more contracts from 2011 which will be produced in the third supplement."); *see also* Docket No. 121 at ¶¶ 16, 18 (indicating that supplemental documents were produced on March 11, 2013 and May 5, 2013). This is not persuasive. The language of Rule 37(a)(5)(A) makes clear that the production of additional discovery after a motion to compel is served is not grounds to avoid sanctions. *See* Rule 37(a)(5)(A) (sanctions of expenses are imposed if the motion to compel is granted "<u>or if the disclosure or requested discovery is provided after the motion is filed</u>" (emphasis added)); *see also In re SPECS*, 2012 WL 4120246, *3 (N.D. Cal. Sept. 18, 2012) (awarding expenses where documents were produced a few days before the hearing on the motion to compel).[3]

Mr. Gloude further argues that substantial justification existed for his failure to provide discovery based on various arguments regarding the propriety of the discovery requests. *See, e.g.*, Docket No. 121 at 6-11; Docket No. 126 at 5. The Court has reviewed the papers submitted with respect to the motion to compel and the motion for sanctions, and finds that Defendant has failed to come forward with any substantial justification for failing to fulfill his discovery obligations prior to the filing of the motion to compel.

**C.     Awarding Fees Would Not Be Unjust**

Defendant also argues that the award of sanctions in this matter would be unjust because the discovery shortcomings were the result of Defendant's counsel's sickness and/or the fact that Defendant's counsel was busy working on the opposition to the motion for summary judgment. *See* Response at 4-5; *see also* Suppl. Br. at 11. The Court disagrees. The Court has significant evidence before it from Defendant's counsel himself indicating that the failure to comply with discovery obligations arose from Defendant's own failure to take his discovery obligations seriously. *See, e.g.*, Docket. 89-8 (January 23, 2013 email from Erik Fitting indicating, *inter alia*, "unfortunately in this profession, you sometimes run into clients that prove to be less than forthcomming [sic]."); Docket

---

[3] Defendant also argues that he had already provided most of the responsive discovery prior to the filing of the motion to compel. *See* Response at 4. The fact that some documents had been produced in response to requests for document production does not create a substantial justification for the failure to reasonably search for and provide all responsive documents.

3

No. 89-1 at ¶ 30 (recounting February 26, 2013, phone call with Erik Fitting in which he stated that "his clients were generally unresponsive and did not seem to take discovery issues seriously. He indicated that even after they told him they had additional information, they neither provided it nor assisted him in procuring it. He said that after a meeting in which they discussed the need to get the additional information, they would not call him back for weeks, even though deadlines were looming.") There is nothing unjust about awarding expenses in these circumstances.

Accordingly, the Court finds that Plaintiffs are entitled to recover their expenses in bringing the motion to compel as it pertains to Mr. Gloude, including attorneys' fees.

## II.  CALCULATION

Reasonable attorneys' fees are generally based on the traditional "lodestar" method. Under the lodestar method, the Court determines a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar figure is presumptively reasonable. *Cunningham v. County of Los Angeles*, 879 F.2d 481, 488 (9th Cir. 1988).[4]

Plaintiffs seek $7,297.52 in attorneys' fees incurred in bringing the motion to compel as it related to Mr. Gloude. *See* Docket No. 122 at ¶ 7. Plaintiffs derive this number by multiplying the total fees sought for the motion to compel by 76%, as that represents their approximation of the percentage of time spent regarding the motion to compel as it related to Mr. Gloude. *See* Docket No. 122 at ¶¶ 4-5, 7.[5] Defendants argue that 90% of the fees should be allocated to Mr. Gloude. *See* Docket No. 126 at 3. The Court finds Plaintiffs' position to be a more accurate reflection of the time spent on the motion to compel.

---

[4] The Court may also adjust the lodestar based on a number of additional factors not subsumed in the initial calculation. *See Van Guerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000). As neither party argues for an adjustment, the Court finds the lodestar amount to be reasonable.

[5] The motion to compel sought an order requiring discovery from Mr. Gloude and from Defendant Monroe Powell. The Court discusses the motion to compel as it related to Mr. Powell in an order issued concurrently herewith.

1  Defendant does not otherwise provide argument opposing the number of hours worked or the
2  rates requested with respect to the motion to compel.  As such, this aspect of the motion is
3  unopposed.  *See* Local Rule 7-2(d); Local Rule 54-16(d).  Accordingly, the Court awards $7,297.52
4  in attorneys' fees.
5  Plaintiffs also seek to recover $535.08 in costs.  *See* Docket No. 122 at ¶ 7.  Defendant does
6  not provide any argument with respect to that calculation of costs.  As such, this aspect of the
7  motion is unopposed.  *See* Local Rule 7-2(d).  Accordingly, the Court awards $535.08 in costs.

### III.  PARTY AGAINST WHOM SANCTIONS ARE ISSUED

Sanctions pursuant to Rule 37(a)(5) may be issued against a party, a party's attorney, or both. *See* Rule 37(a)(5) (allowing for recovery of expenses, including attorneys' fees, against "the party or attorney advising that conduct, or both").  Hence, the Court has the authority to award fees under Rule 37 against a party and counsel jointly and severally.  *See, e.g.*, *Toth v. Trans World Airlines, Inc.*, 862 F.2d 1381, 1387 (9th Cir. 1988).  Awarding sanctions against a party and counsel jointly and severally is appropriate where it is unclear based on the record which is less blameworthy than the other.  *See, e.g.*, *In re George*, 322 F.3d 586, 592 (9th Cir. 2003) (citing *Int'l Union of Bricklayers & Allied Craftsmen Local Union No. 20, AFL-CIO v. Jaska*, 752 F.2d 1401, 1407 & n.8 (9th Cir. 1985)) (parties are in the best position between them as to who caused the sanctionable conduct); *see also Kendrick v. Zanides*, 609 F. Supp. 1162, 1173 (N.D. Cal. 1985).

In this case, Defendant and Defendant's counsel (Erik Fitting) argue that Mr. Gloude was not at fault in failing to provide discovery.  *See, e.g.*, Response at 5 ("Defendants personally have done nothing wrong and have made every effort to provide the documents in their possession.")  To that end, they assert that counsel is to blame for any discovery shortcomings and, as a result, "sanctions . . . should be imposed against the attorney of record and not the Defendants."  *See* Docket No. 121 at 11-12.  But the Court also has evidence before it directly contradicting that assertion.  *See, e.g.*, Section I.C.  In light of this evidence, the Court declines to impose the sanctions on counsel alone. Instead, the Court finds it most appropriate to impose the sanctions jointly and severally against Mr.


Gloude and his counsel, Erik Fitting.[6]

**IV.     REQUEST FOR AN ADVERSE INFERENCE**

Plaintiffs further seek an order that they be granted an adverse inference at trial. *See* Mot. at 7. This request is based on the *possibility* that Plaintiffs may not receive the complete discovery responses ordered by the Court on May 6, 2013. *See id.* (request is sought "to the extent the Defendants fail to provide the information as ordered"); *see also* Reply at 4 (same). As such, the Court finds this request premature. Accordingly, the request for an adverse inference is **DENIED** without prejudice.

**V.      REQUEST TO CONTINUE THE DEPOSITION OF MR. GLOUDE**

Plaintiffs further seek an order that they may complete the deposition of Mr. Gloude. *See* Mot. at 7. Defendant does not oppose that portion of the motion. *See* Response at 6. For good cause shown, this request is **GRANTED**. Plaintiffs shall complete the deposition of Mr. Gloude within 14 days of the issuance of this order.[7]

**VI.     REQUEST TO SUPPLEMENT SUMMARY JUDGMENT MOTION AND TO FILE ADDITIONAL SUMMARY JUDGMENT MOTION**

Plaintiffs further seek an order that they may supplement their pending motion for summary judgment, as well as filing an additional summary judgment motion regarding damages. *See* Mot. at 7. Defendants do not oppose that request, but also seek to supplement their opposition to the pending summary judgment motion. *See* Response at 6. Plaintiffs oppose allowing Defendants to supplement their opposition papers. *See* Reply at 4.

The undersigned has consulted with the assigned District Judge, and hereby **DENIES**

---

[6] Since the sanctions are imposed jointly and severally, Mr. Gloude and Mr. Fitting are free to determine among themselves how the sanctions should be apportioned. They are both, however, ultimately responsible for the timely payment of the sanction to Plaintiffs.

[7] Plaintiffs also seek (and Defendants do not oppose) the continuation of the deposition of Mr. Powell. *See* Mot. at 7; Response at 6. Because the Court is recommending case-dispositive sanctions against Mr. Powell in an order issued concurrently herewith, that request is **DENIED** as moot.

without prejudice the pending motion for summary judgment. Docket No. 82.[8] No later than August 12, 2013, Plaintiffs may renew that motion with additional discovery and may also seek summary judgment with respect to damages. Any response to the motion for summary judgment shall be filed no later than September 3, 2013. Such a response is not limited to evidence identified in the currently-filed response. No later than September 16, 2013, Plaintiffs may file a reply.

The hearing set for July 25, 2013, before United States District Judge Pro is hereby **VACATED**. Judge Pro will set a hearing on any newly-filed motion(s) for summary judgment as he sees fit.

## VII. CONCLUSION

For the reasons discussed above, the Court **GRANTS** in part the motion for expenses and other relief (Docket No. 110) as follows:

- Plaintiffs' request for expenses is **GRANTED**. The Court **ORDERS** that Mr. Gloude and his attorney, Erik Fitting, are jointly and severally responsible to pay $7,832.60 in attorneys' fees and costs to Plaintiffs. <u>That payment shall be made to Plaintiffs no later than July 22, 2013.</u>
- Plaintiffs' request for an adverse inference is **DENIED** without prejudice.
- Plaintiffs' request to complete the deposition of Mr. Gloude is **GRANTED**, and said deposition must be completed within 14 days of the issuance of this order.
- Plaintiffs' request for additional briefing on the motion for summary judgment is **GRANTED** in part. The pending motion for summary judgment (Docket No. 82) is **DENIED** without prejudice. No later than August 12, 2013, Plaintiffs may renew that motion with additional discovery and may also seek summary judgment with respect to damages. Any response to the motion for summary judgment shall be filed no later than September 3, 2013. Such a response is not limited to evidence identified in the currently-filed response. No later than September 16, 2013,

---

[8] Because the motion for summary judgment is denied without prejudice, the motion to strike the affidavit of Erik Fitting is **DENIED** as moot. Docket No. 99.

1          Plaintiffs may file a reply.
2    •    The hearing set for July 25, 2013 before United States District Judge Pro is hereby
3         **VACATED**.  Judge Pro will set a hearing on any renewed motion for summary
4         judgment as he sees fit.
5    •    The motion to strike the affidavit of Erik Fitting (Docket No. 99) is **DENIED** as
6         moot.

IT IS SO ORDERED

DATED: July 11, 2013

_____
NANCY J. KOPPE
United States Magistrate Judge